El Municipio de San Lorenzo, representado por su Alcalde Pedro Borges López, et al., apelantes, *v.* La Junta de Planificación, Urbanización y Zonificación de Puerto Rico, etc., apelada.

Núm. 8.—*Sometido:* Julio 7, 1947. *Resuelto:* Julio 18, 1947.

*David Curet Cuevas,* abogado de los apelantes; *Rafael R. Fuertes, Félix Bello* y *A. Zandín del Manzano,* abogados de los apelados; *Félix Sojo Granado,* abogado de la Autoridad sobre Hogares de P. R., como *amicus curiae.*

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La Junta apelada solicita desestimemos este recurso, 1ro., porque la apelación no ha sido debidamente perfeccionada y, 2do., porque de haberlo sido debe considerarse como abandonada.

Arguye la apelada que en nuestra resolución del 10 de junio de 1947 requiriendo a la Junta el envío del expediente del caso núm. 1 sobre Declaración de Zona de Arrabal a que se refiere este recurso de apelación, dijimos que "las partes darán cumplimiento a la Regla 15 del Reglamento de este Tribunal" y que habiendo vencido todos los términos que señala dicha regla para la radicación de alegato por el apelante, debemos desestimar el recurso, primero, porque no se acompañó un memorándum al escrito de apelación y, segundo, porque no radicó su alegato diez días después de expedido el auto (*sic*) en este caso.

No tiene razón la apelada. La apelación en este caso está autorizada por el artículo 6 de la Ley núm. 264 aprobada el 14 de mayo de 1945 (pág. 911), o sea la Ley sobre Eliminación de Arrabales, que dispone lo siguiente:

"Artículo 6.—Procedimiento de apelación contra la declaración de 'zona de arrabal.'—El Administrador del Gobierno de la Capital o el Alcalde de la municipalidad y cualquiera de los dueños de terre-

nos o casas ubicadas dentro de la zona declarada de arrabal, o cualquier otra persona con derecho o interés en las mismas, podrá impugnar la decisión de la Junta mediante *recurso de apelación* ante la Corte Suprema de Puerto Rico, dentro del término de quince (15) días a contar desde la última publicación dispuesta en el artículo 4 de esta Ley.

"*La apelación* se formalizará mediante escrito en el cual se expondrán todas las razones *de hecho y derecho* en que se funde la impugnación. Radicada la apelación, el o los apelantes, deberán notificar la misma, con copia del escrito que la contenga, a la Junta dentro de un término de quince (15) días a contar de su radicación, en defecto de la cual, la Corte ordenará su archivo; Disponiéndose, que todas las partes interesadas deberán asociarse en un solo procedimiento de apelación; Y disponiéndose, además, que apelada la decisión de la Junta, la misma quedará en suspenso hasta tanto recaiga resolución final en el procedimiento.

"Notificada la Junta de la apelación provista en el presente artículo, deberá radicar su contestación a la misma dentro del término de quince (15) días a contar desde la fecha de tal notificación, y la Corte Suprema señalará la vista del caso, con preferencia a todos los demás asuntos en calendario, para tener lugar en un término no mayor de veinte días a contar desde la fecha del señalamiento.

"La Corte Suprema dictará su resolución en el caso dentro de un término de veinte (20) días a contar desde la fecha que se celebre la vista, y la resolución así dictada tendrá carácter de final y definitiva." (Bastardillas nuestras.)

No se trata, por tanto, de un recurso de revisión como el autorizado por el artículo 26 de la Ley estableciendo la Junta de Planificación, Urbanización y Zonificación de Puerto Rico, según enmendado por la Ley núm. 155 de 14 de mayo de 1943 (pág. 489), que dispone "que dicha revisión ante la Corte Suprema *podrá* concederse solamente sobre cuestiones de derecho." (Bastardillas nuestras.) Bajo esta última ley tenemos discreción para expedir o no el auto de revisión y una vez expedido es aplicable la Regla 15 de nuestro Reglamento.

El recurso de apelación autorizado por la Ley 264 de 1945, supra, es uno de carácter general sobre cuestiones de "hecho y derecho." Esta corte no tiene que expedir auto de clase alguna. Empero, el artículo 6, supra, no establece la forma

en que el récord ante la Junta ha de remitirse a esta Corte y fué por ese motivo que, a moción del apelante, dictamos la resolución del 10 de junio de 1947 requiriendo de la Junta apelada el énvío del expediente en este caso. Por error y como si se tratara de un recurso de revisión ordenamos a las partes dar cumplimiento a la Regla 15 de nuestro Reglamento.

Tratándose de un recurso de apelación, autorizado por la Ley núm. 264 de 1945, creemos que la regla aplicable es la núm. 11 y que el apelante tiene un término de treinta días después de radicado el récord de la Junta, que lo fué el 7 de julio de 1947, para radicar su alegato, debiendo luego darse cumplimiento a las demás disposiciones de la mencionada Regla 11.

*Se declara sin lugar la moción de la apelada.*

El Juez Asociado Sr. Snyder no intervino.